**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY F. HOLERS,**

               **Plaintiff,**

**-vs-**                                         **Case No.  6:08-cv-1260-Orl-19DAB**

**STATE FARM MUTUAL AUTO**
**INSURANCE COMPANY,**

               **Defendant.**

_____

## ORDER

This case comes before the Court on the Motion of Defendant State Farm Mutual Automobile Insurance Company to Dismiss and/or for Summary Judgment with Respect to Plaintiff's Complaint and Demand for Jury Trial (Doc. No. 3, filed July 29, 2008).[1]

Plaintiff Jeffrey F. Holers ("Holers") originally filed this employment discrimination action in state court against State Farm Mutual Auto Insurance Company ("State Farm") in October of 2007, alleging two violations of the Florida Civil Rights Act.  On November 30, 2007, State Farm filed a Motion to Dismiss and/or for Summary Judgment, seeking dismissal of Count I (age discrimination) and summary judgment on Count II (systemic disparate treatment).  (Doc. No. 3.) On March 11, 2008, Holers voluntarily dismissed Count II.  (Doc. No. 4, filed July 29, 2008.)  On June 3, 2008, State Farm filed an answer to Count I.  (Doc. No. 5, filed July 29, 2008.)  On July 1, 2008, Holer served State Farm with his interrogatory answers, and State Farm soon after removed the case to this Court on the basis of that document.  (Doc. No. 1 ¶ 8, filed July 29, 2008.)

---

[1]      The filing dates listed in this Order reflect the date on which the various documents were added to this Court's docket.

The Court finds State Farm's Motion to Dismiss and/or for Summary Judgment to be mooted by the later filed Voluntary Dismissal and Answer.  Florida Rule of Civil Procedure 1.420 permits the plaintiff to voluntarily dismiss his or her claims anytime before a hearing on a motion for summary judgment.  No hearing was scheduled in this case; therefore, Holer's voluntary dismissal was valid, and Count II was not part of this case at the time of removal.  Further, filing of an answer to Count I by State Farm mooted its earlier filed Motion to Dismiss Count I.  *See* Fla. R. Civ. P. 1.140(b) ("A motion making a [failure to state a cause of action] defense shall be made before pleading if a further pleading is permitted.").[2]

Accordingly, the Motion of Defendant State Farm Mutual Automobile Insurance Company to Dismiss and/or for Summary Judgment with Respect to Plaintiff's Complaint and Demand for Jury Trial (Doc. No. 3, filed July 29, 2008) is **DENIED as moot.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 7, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]     In any event, State Farm's argument for dismissing Count I, that Holers failed to meet Florida's "ultimate facts" standard of pleading, no longer applies to this case.  *Acciard v. Whitney*, No. 2:07-cv-476-FtM-34SPC, 2007 WL 4557256, at *1 (M.D. Fla. Dec. 21, 2007) ("[O]nce this case was removed to federal court, the federal rules of procedure rather than state rules of procedure became applicable.")

Copies furnished to:

Counsel of Record